IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ELIJAH FOREMAN, | § | |
| | § | |
| Defendant Below, | § | No. 88, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1501018150 (S) and |
| | § | 1501017690 (S) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 2, 2018
Decided: March 8, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

This 8th day of March 2018, upon consideration of the notice to show cause and the response to the notice to show cause, it appears to the Court that:

(1)     On February 21, 2018, the appellant, Elijah Foreman, filed a notice of appeal from a Superior Court order, dated and docketed on January 17, 2018, denying his second motion for postconviction relief under Superior Court Criminal Rule 61.  Under Supreme Court Rule 6(a)(iv), a timely notice of appeal should have been filed on or before February 16, 2018.  The Senior Court Clerk issued a notice directing Foreman to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6.  In his response to the notice to show cause, Foreman states that he received the Superior Court order on January 27, 2018

and thought he had time to file a notice of appeal. Foreman does not explain why it took him from January 27, 2018 until February 21, 2018 to file a notice of appeal.

(2) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(3) The record does not reflect that Foreman's failure to file a timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. This appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10(a).
[3] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).